### L. MYERS *v.* JOHN HAPPERTON &c.

**Judicial Sales—Right of Dower in Land Sold.**

The husband's title to land sold under decree may be acquired, but this does not divest the wife of her right of dower therein.

APPEAL FROM GRANT CIRCUIT COURT.

May 25, 1868.

OPINION OF THE COURT BY JUDGE HARDIN:

Although the purchase of the appellant under the decree in favor of Herndon and Henrys administrators may have enabled

the appellant to acquire the title of Bartlett to the land in controversy subject to the rights of Mrs. Ann T. Bartlett, wife of E. B. Bartlett, and thus have obviated the necessity of conveyance from Bartlett and Happerton in compliance with their bonds. so far as the legal title was concerned, it does not appear that the appellant did or could, by virtue of that purchase acquire a divestiture of Mrs. Bartlett's right of dower. Nor did he, in our opinion, waive his right to such a conveyance as would invest him with said right of dower, by making said purchase, nor did he do so by receiving from Happerton the title bond of Bartlett to deliver to him in case he conveyed the land to appellant, and to be returned if he did not so convey it; nor did the mere failure of appellant to restore said bond to Happerton release the latter from his obligation for title according to the terms of the contract.

And as it is substantially admitted by the pleadings, that said Ann T. Bartlett was the wife of E. B. Bartlett, who was dead on the 30th day of October, 1863, and it does not appear that she was not still living at the date of the judgment, it seems to us that the judgment renderd for the plaintiff without regard to said incumbrance of dower, on the land, is erroneous and must on that account be reversed. But as, upon the return of the cause, it may be shown that said incumbrance has been removed by the death of Mrs. Bartlett or her release, or other fact constituting a bar to her claim, if asserted, the parties may file amended pleadings on the return of the cause, and bring other parties before the court if necessary, to determine the question whether the debt of the plaintiff should or not be abated by the value of said right of dower.

Wherefore the judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Carlisle & O'Hara, Smith, for appellant.*

*Rankin, for appellee.*